1

2

3

4 **UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

5 * * *

6

7 JAMES EVERETT DUNN, JR.,                     Case No. 2:19-cv-00510-RFB-DJA

8                    Petitioner,               **ORDER**

9        v.

10 BRIAN WILLIAMS,

11                    Respondent.

12

13        Before the Court is a letter from petitioner, which was docketed as two separate motions.

14 The first motion is a request to transfer the case to the United States District Court for the

15 Southern District of Indiana. ECF No. 14.  The second motion is a request for a copy of the

16 amended petition for a writ of habeas corpus. ECF No. 15.

17        This action challenges the validity of a detainer placed by the State of Indiana for a

18 criminal case in Marion County.  The Court has noted twice that the more appropriate venue

19 might be the United States District Court for the Southern District of Indiana.  ECF No. 5, at 1;

20 ECF No. 12, at 1.  See also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n.15 (1973).

21        The Court takes judicial notice of parallel proceedings in the Nevada Supreme Court,

22 Dunn v. State, No. 79093,[1] for relevant facts.  Petitioner had filed a habeas corpus petition in the

23 state district court challenging his extradition.   The state district court denied the petition.

24 Petitioner appealed.  Meanwhile, petitioner's Nevada sentence expired.  Petitioner was transferred

25 from the custody of the Nevada Department of Corrections to the Clark County Detention

26 Center.  On August 26, 2019, petitioner executed a written waiver of extradition.  The Nevada

27 Supreme Court dismissed the appeal as moot.

28
_____

[1]      http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=55851 (report generated November 5, 2019).

On October 7, 2019, the Court received from petitioner a document titled "Petitioner's Notice of Change of Address." The Clerk of the Court created three separate docket entries for this document. First is the notice of change of address. ECF No. 13. Petitioner's address is now the Marion County Jail in Indianapolis. Second, petitioner asks for a copy of the petition along with directions how to amend the petition. ECF No. 15. Third, petitioner states, "This is a notice of filed order directing transmission of record under case number 2:19-cv-00510-RFB-CWH be transferred to United States District Court for the Southern District of Indiana, Indianapolis." This was docketed as a motion for a change of venue. ECF No. 14. Respondent has filed a non-opposition to the motion. ECF No. 18. Petitioner has filed a document titled "Opposition to Motion to Change Venue," docketed as a reply. ECF No. 19.

The Court will transfer this action to the Southern District of Indiana. Petitioner's argument in his "Opposition," that he never intended to change the venue, is not relevant. Petitioner is not challenging custody pursuant to a Nevada state court judgment of conviction. He is challenging the validity of ongoing criminal proceedings in an Indiana state court.[2] This Court does not have jurisdiction over the Marion Superior Court. Petitioner waived extradition proceedings, and he has been sent to Indiana. The correct respondent no longer is the Warden of the High Desert State Prison in Nevada. The correct respondent now is the Sheriff of Marion County, Indiana. This Court does not have jurisdiction over that sheriff. When Petitioner commenced this action, the possibility existed that venue would lie either in the District of Nevada or in the Southern District of Indiana. See Braden, 410 U.S. at 499 n.15. Now that all parties are outside the territorial jurisdiction of the District of Nevada, and nobody within the District of Nevada has authority to release petitioner, this Court lacks jurisdiction. See Rumsfeld v. Padilla, 542 U.S. 426, 445 (2004). See also 28 U.S.C. § 2241(a).

The Court grants petitioner's motion for copies, and the Court will send petitioner a copy of the amended petition. ECF Nos. 15, 8.

Respondent has filed a motion for enlargement of time (first request), which the Court grants. ECF No. 20 .

---

[2] Petitioner also asks for monetary damages, but this is unavailable in habeas corpus.

2

1    **IT IS THEREFORE ORDERED** that petitioner's motion for copies (ECF No. 15) is

2    **GRANTED**.  The Clerk of the Court shall send to petitioner a copy of the amended petition (ECF

3    No. 8), including exhibits.

4    **IT IS FURTHER ORDERED** that respondent's motion for enlargement of time (first

5    request) (ECF No. 20) is **GRANTED**.   Respondent Brian Williams no longer needs to file a

6    response to the amended petition (ECF No. 8).

7    **IT IS FURTHER ORDERED** that that petitioner's motion to change venue (ECF No.

8    14) is **GRANTED**.

9    **IT IS FURTHER ORDERED** that the Clerk of the Court transfer this action to the

10   United States District Court for the Southern District of Indiana, Clerk's Office, Room 105,

11   46 East Ohio Street, Indianapolis, IN 46204.

12   **IT IS FURTHER ORDERED** that the Clerk of the Court administratively close this

13   action.

14   DATED: <u>November 22, 2019</u>.

15
         _____
16       **RICHARD F. BOULWARE, II**
         **UNITED STATES DISTRICT JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28